# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| **TEDOR DAVIDO**, | : <br> : <br> : No. 22-9000 <br> : <br> : **THIS IS A CAPITAL CASE** <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Petitioner-Appellant, | |
| v. | |
| **SECRETARY, PA. DEPT. OF CORRECTIONS, et al.,** | |
| Respondents-Appellees. | |

## MOTION TO STRIKE APPELLEES' SUPPLEMENTAL APPENDIX

Appellant Tedor Davido, hereby moves to strike Appellees' *Supplemental Appendix*, as follows:

1. This is a capital case on appeal from the denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 20, 2021, the District Court for the Eastern District of Pennsylvania denied Mr. Davido's habeas petition in its entirety and denied a certificate of appealability (COA) on all claims. See E.D. Pa. ECF No. 146. On July 25, 2023, this Court granted COA on two separate claims. See ECF. No. 33.

2. On January 4, 2024, Appellant filed his Initial Brief and Appendix. See ECF. No. 42. Appellee filed its brief on June 5, 2024. See ECF. No. 50.

3. On June 5, Appellee also filed a *Motion For Leave to File a Supplemental Appendix* along with an attached Supplemental Appendix (ECF. 53, 54).

4. This Court granted *Appellees' Motion for Leave to File a Supplemental Appendix* five days later on June 10, 2024. See ECF No. 61.

5. For the following reasons, Appellant moves to have Appellees' Supplemental Appendix stricken from these proceeding.

6. Appellees did not state in their *Motion* where the Supplemental Appendix items appeared in either the state or district court record. They claimed that the Supplemental Appendix was "a part of the necessary record for this appeal," *id.* In fact, many of the items contained in the Supplemental Appendix are beyond the record. Review of the judgments rendered by the state or federal district court that are at issue in this appeal should be constrained to the record, and not items beyond it.

7. Rule 30 of the Rules of Appellate Procedure also contemplates that the Appendix is a collection of materials that were presented to the district court. It specifically constrains the appendix to materials in the record:

 (A) the relevant docket entries in the pleadings below;

 (B)  the relevant portions of the pleadings, charge, findings, opinion;

 (C) the judgment, order, or decision in question; and,

 (D) **other parts of the record** to which the parties direct the court's attention. (emphasis added).

While Appellees were free to supplement Appellant's Appendix with additional materials sourced from the record, items that are not part of the district court record cannot be included in the Appendix. See *United States v. Burke*, 781 F.2d 1234, 1246 (7th Cir. 1985) (The purpose of Rules 10(a) and 30 is to limit the record to what was before the district court); *NCNB Nat'l Bank v. Tiller*, 814 F.2d 931, 938-939 (4th Cir. 1987) (court granted appellees' motion to strike portions of the appendix not included in the district court record); *Massachusetts v. United States Veterans Admin.*, 541 F.2d 119, 123 (5th Cir. 1976) (granting motion to strike appendix because various documents were not part of the district court record).[1]

8.   The portions of the Appellees' supplemental appendix that were not included in either the state court or district court record should be stricken from the record:

   (1)   Statement - Frankie Davido, SA010-012

   (2)   Statement - Rosanna Davido, SA013-015

   (3)   Statement - Annie Davido, SA016-017

   (4)   Statement - Josephine Davido, SA018-019

   (5)   Statement - Rosanna Davido, SA020-023

   (6)   Statement - Frankie Davido, SA024-030

---

[1] Appellees' Supplemental Appendix also fails to comply with Fed. R. A.P. 30 (b), which requires that within 14 days after the filing of the Appellant's appendix, the Appellee "serve on appellant a designation of additional parts to which it wishes to direct the court's attention."

(7)  Statement - Josephine Davido, SA031-037

(8)  Statement - Frankie Davido, SA038-0046

(9)  Statement - Josephine Davido, SA047-049

(10) Report, SA055-056

9. Additionally, Field Report– Officer Schwartz, SA001-006 and Field Report 5/14/2000 – Officer Ziegler, SA007-009, are not in the state court record. Review of the judgments rendered by the state court in this appeal must be constrained to the record, and not items beyond it. 28 U.S.C. § 2254(d)(2) ("evidence presented in the State court proceeding"). WHEREFORE, Appellant respectfully requests that the Court strike the above portions of Appellee's Supplemental Appendix.

        Respectfully submitted,

        */s/ Eric J. Montroy*
        ERIC J. MONTROY
        SONALI SHAHI
        Assistant Federal Defenders
        Federal Community Defender Office
        for the Eastern District of Pennsylvania
        601 Walnut Street, Suite 545 West
        Philadelphia, PA 19106
        (215) 928-0520

        *Counsel for Appellant, Tedor Davido*

Dated: November 15, 2024

# CERTIFICATE OF SERVICE

I, Eric Montroy, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed and served a copy of the Motion to Strike Appellees' Supplemental Appendix upon Susan Affronti, Senior Deputy Attorney General, through the Third Circuit Court of Appeals' Electronic Case Filing (CM/ECF) system.

*/s/ Eric Montroy*  
ERIC MONTROY

DATED: November 15, 2024