IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| TEDOR DAVIDO, : | |
| APPELLANT, : | |
| v. : | NO. 22-9000 |
| : | Capital Case |
| SECRETARY, PA DEPT. OF CORRECTIONS, ET AL., : | |
| APPELLEE. : | |

### RESPONSE TO APPELLANT'S MOTION TO STRIKE

Five months after this Court granted appellees' motion to for permission to file a supplemental appendix, appellant submits what is essentially a response to that motion. The time has long passed for such an objection. Furthermore, a complete record of events in this capital habeas matter is essential to ensure a proper review of the claims before this Court. Appellants' reliance on inapplicable case law and a shockingly narrow characterization of the "record" in this capital habeas matter should be rejected.

The time has long passed for any objection to the supplemental appendix and for that reason alone, the motion should be denied. On June 5, 2024, appellees filed a motion for leave to file a supplemental appendix. Rule 27 of the Federal Rules of Appellate Procedure provides ten days to respond to a motion. Appellant filed no response to that motion within the ten day period. Of course, the time to respond could have been extended upon request.

But no request was filed.  Instead, appellant waited *five months* and provides absolutely no explanation for the delay.

Rather, appellant chooses a different path.  After the completion of the briefing in this matter, appellant filed – not a response to the original motion for permission – but a Motion to Strike.  There has been enough delay in this appellate litigation already.[1]  The belated filing should be denied for that reason alone.

Bizarrely, appellant suggests that appellees somehow violated Rule 30(b) of the Rules of Appellate Procedure.  It was appellant who violated the rule, which clearly states that *appellant* "**must** serve on the appellee a designation of the parts of the record that the appellant intends to include in the appendix."  Rule 30(b)(1)(emphasis added).  No such designation was ever provided to appellees.  Indeed, appellant never consulted with appellees *at all* about the contents of the appendix in this matter, which is clearly contrary to Rule 30(b).

---

[1] In just the litigation before this Court, Appellant has been granted more than a year's worth of extensions (4 months to file a request for Certificate of Appealablity ("COA"), 1 month to file a reply as related to the COA request, 4 months to file the brief for appellants, and more than 4 months to file the most recent reply).

If they had been consulted, appellees would have objected to several documents that were included in the appendix. Despite including irrelevant materials,[2] appellants failed to include basic significant records, like the transcript of the PCRA testimony of Davido's counsel Merrill Spahn.

But instead of wasting this Court's time by objecting to the appendix filed in this matter, the undersigned simply filed a supplemental appendix, including the materials that the appellees deemed relevant. Indeed, in the twenty years that the undersigned has spent working primarily in habeas litigation, she cannot think of a time that the Capital Habeas Unit of the Federal Defenders consulted with the Commonwealth before filing an appendix in a habeas appeal. The undersigned has always approached matters with this office as she did here, by filing a supplemental appendix, instead of burdening this Court with this type of collateral litigation unnecessarily

Beyond that, appellant's suggestion that these materials are not a part of the record is – at best – confusing. The fact that appellants rely on three non-habeas cases that are all more than forty years old and are all from other

---

[2] While omitting these relevant materials, appellants added wholly irrelevant materials. For example, appellants included the victim's medical records and the autopsy report in the appendix. Though these records were relevant to certain claims presented to the district court, those claims were rejected by the district court and this Court did not grant review of any of the claims.

circuits, speaks for itself. This is a capital habeas case with an expansive record, which includes more than just the simple pleadings filed in the district court. Indeed, the "record" in this case also includes the entire state court record from the Lancaster County Court of Common Pleas that was forwarded to this Court (at this Court's request) on May 4, 2023. *See* District Court Doc. No. 152.

First, and most simply, admits that the Field Reports from Officer's Schwartz and Zieglar were a part of the record in district court. So, it's hard to understand the basis of the current objection to those documents. If appellant wants to argue about the information that this Court should consider when applying the deference standard under 28 U.S.C. § 2254(d)(1) that is an argument for the substantive briefing to this Court, it has nothing at all to do with the question of what materials are properly included in an appendix.

That leaves appellant's objection to the statements given to police by the Davido family.[3] Appellant does not – and cannot – challenge the authenticity of the statements or their relevance. Appellant does not – and cannot – deny that all of these statements were provided to trial counsel before

---

[3] Though appellant initially appears to be seeking to have the entirety of the Supplemental Appendix stricken, later in the motion appellant makes it clear that he is only objecting to certain portions of the appendix. *See* Motion at ¶ 8-9. Accordingly, appellees will focus their attention exclusively on that portion of the Supplemental Appendix.

4

the trial and were a part of the record that he was considering when he made his strategic decisions in this case. There is nothing new about these records.

In granting the COA in this matter, this Court directed the parties to address "whether the circumstances surrounding the entry [into] Appellant's home present 'a paradigm instance' for the application of the inevitable discovery exception to the warrant requirement." Doc. No. 2 at 2. To do so, the undersigned has provided argument on this point, explaining that a dead body in a home occupied by many people would certainly have been discovered. Additionally, the undersigned has explained that this straightforward assumption is entirely buttressed by the statements given at the time of the murder. The undersigned has provided the statements to ensure that the record is clear for this Court and to comply with this Court's directive in the grant of COA.

If this Court is to determine what was inevitable, then this Court should have a complete picture of the circumstances at the time of the murder. The Court should know that Ms. Taylor's body was not lying in the woods at an unknown location, but at a house. And not an abandoned house, but Josephine Davido's house. And not just anywhere in Josephine's house, but in her own bedroom. The Court should know that Josephine raced to the scene to help Ms. Taylor – after receiving her daughter's desperate plea. The Court should

5

know that every action that Josephine took before and after the police entered her house indicated an intention to aid to the woman who was dying on the floor of her bedroom.

Appellant argues about the weight of these actions in his reply brief, arguing that once there is an intervening event, we simply cannot know what would have happened next. But in *Nix v. Williams,* 467 U.S. 431 (1984), the Supreme Court rejected that argument, explaining that discovery can be inevitable even when the body is in a remote culvert, even when the search grid has not yet been drawn by police, and even when the Court was assuming that the search would continue for five more hours and include a search of lands that were two and a half miles away, in a different county. *See* Appellees' Brief at 32-42.

This Court should be provided a complete record, like the Court in *Williams,* so that it may evaluate the behavior of the multiple people who shared a home with Ms. Taylor on the day of her murder. Appellant's argument to the contrary cannot be taken seriously.

As was explained in appellees' brief, the transcripts provide an extensive record of the actions of the Davido family both before and after the police entered the home. Like the search party in *Nix v. Williams,* 467 U.S. 431 (1984), Davido's family was moving towards the victim with an intent of

providing her aid. Unlike the search party in Williams, there was no doubt that the family was going to discover the victim – not in a remote culvert, but in Josephine's bedroom.

Like the search grid in *Williams,* the Court can deduce the path that Davido's family would have taken. In *Williams,* the Court assumed that a new search grid would be drafted and the search would continue for hours longer. Here, the course is far simpler – Josephine Davido was on her way to her home to provide aid to Ms. Taylor. There is nothing in this record that suggests she would have changed course. That is clear from the transcripts and the statements further cement the same proposition. Discovery of Ms. Taylor was inevitable.

Ultimately, this is an ineffectiveness claim. So the relevant question relates to counsel's strategic decisions based on the information that he had before him. Trial counsel had these statements from Davido's family. In the face of these statements, he had to decide what to do. Was he going to argue that the defendant's family would not have found Ms. Taylor when he had in his possession a series of statements that would have impeached those arguments? Or was he going to direct his attention to matters of defense strategy that had more potential to effectively provide a defense for his client?

7

He chose the latter. And the records that he had in his possession are relevant to assess that choice.

If appellant wanted to litigate the contents of the Appendix before this Court, Rule 30 provided the method. It would have begun long before appellant filed his own Appendix (more than a year ago). Barring that, appellant could have responded to appellees' motion for permission to file a supplemental appendix (almost six months ago). What appellant certainly could not do was wait until the completion of briefing in this matter and then file a motion to strike. This Court should deny the motion.

WHEREFORE, Appellees respectfully request that the Court deny appellant's Motion to Strike.

                                        By:  */s/ Susan E. Affronti*
                                              SUSAN E. AFFRONTI
                                              Senior Deputy Attorney General
                                              Supreme Court No. 88010

Office of Attorney General
Criminal Law Division
1000 Madison Avenue, Suite 310
Norristown, PA 19403
(717) 437-6727
saffronti@attorneygeneral.gov

Date: November 25, 2024

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| TEDOR DAVIDO, : | |
| APPELLANT, : | |
| v. : | No. 22-9000 |
| : | Capital Case |
| SECRETARY, PA DEPT. OF CORRECTIONS, ET AL., : | |
| APPELLEE. : | |

## CERTIFICATE OF SERVICE

I certify that I am this day serving the foregoing pleading upon counsel for appellant via the Court's electronic filing system.

              By:   */s/ Susan E. Affronti*
                  SUSAN E. AFFRONTI
                  Senior Deputy Attorney General
                  Supreme Court No. 88010

Office of Attorney General
Criminal Law Division
1000 Madison Avenue, Suite 310
Norristown, PA 19403
(717) 437-6727
saffronti@attorneygeneral.gov

Date: November 25, 2024