**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-9000
_____

TEDOR DAVIDO,
                               Appellant
v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT GREENE SCI;
SUPERINTENDENT ROCKVIEW SCI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:06-cv-00917)
District Judge: Hon. Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 3, 2025
_____

Before: CHAGARES, MATEY, and AMBRO, *Circuit Judges*

(Filed: February 10, 2025)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Tedor Davido seeks a writ of habeas corpus to challenge his convictions for first-degree murder and rape. Because the District Court properly denied his petition, we will affirm.

**I.**

On May 14, 2000, an argument broke out between Davido and his girlfriend, Angelina Taylor, during which Davido became physically abusive. Davido's "sister called 911 from a pay phone," "identif[ied] herself as a neighbor," and "reported that a man was beating a woman at 26 Hager Street." App. 154. Police "were immediately dispatched to investigate a 'domestic situation' that involved a 'man . . . hitting a woman[,]' and were informed en route that loud screaming had been heard from inside the residence." App. 154 (alteration in original) (quoting App. 295). But when officers arrived mere minutes later, "all was quiet." App. 154. "Responding to a 'gut feeling' that someone inside might be injured or otherwise in need of assistance, one officer entered the residence through an unsecured window." App. 154. During their sweep of the house, officers discovered Taylor "completely unresponsive and having difficulty breathing." App. 154. Taylor was transported to the hospital, where she ultimately died.

A jury found Davido guilty of first-degree murder and rape. After unsuccessfully challenging his conviction on direct appeal, Davido filed a pro se Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541–9546, petition, which the PCRA court denied, and the Pennsylvania Supreme Court affirmed. Davido then petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2554, claiming, in relevant part, that 1) trial

counsel provided ineffective assistance by failing to move to suppress evidence; and 2) the trial court violated his Sixth Amendment Right to self-representation. The District Court denied Davido's petition and he appealed. We issued a certificate of appealability (COA).[1]

## II.

### A.

Davido claims that his right to counsel was violated because his attorney did not move to suppress evidence obtained from the officers' warrantless entry. But he must first show "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). A search warrant is not required if "'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394 (1978) (quoting *McDonald v. United States*, 335 U.S. 451, 456 (1948)). One such exigency "is the need to assist persons who are seriously injured or threatened with such injury."

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254 and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. "Because the District Court dismissed the petition without conducting an evidentiary hearing" on the claims for which we granted a COA, "we exercise plenary review." *Morton v. Dir. V.I. Bureau of Corr.*, 110 F.4th 595, 600 (3d Cir. 2024). "[O]n habeas review, we defer to the state court's rulings for claims adjudicated on the merits," *Rega v. Sec'y, Pa. Dep't of Corr.*, 115 F.4th 235, 240 (3d Cir. 2024), unless they were 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d).

*Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). This "emergency aid exception" applies if there is "an objectively reasonable basis for believing," *Michigan v. Fisher*, 558 U.S. 45, 47 (2009) (per curiam) (quoting *Brigham City*, 547 U.S. at 402, 406), "that 'a person within [the house] is in need of immediate aid,'" *id.* (alteration in original) (quoting *Mincey*, 437 U.S. at 392).

Here, there is ample evidence of exigencies obviating the need for a warrant. The 911 caller identified herself as a neighbor and "reported that a man was beating a woman." App. 154. After being "dispatched to investigate a 'domestic situation' that involved a 'man . . . hitting a woman[,]'" officers were informed en route "that loud screaming had been heard from inside the residence." App. 154 (alteration in original) (quoting App. 295). But when officers arrived, less than three minutes after the 911 call was made, "no one answered the door, and no sound could be heard except the unanswered ringing of a telephone within the residence." App. 159. Taken together, these circumstances are sufficient to justify a warrantless search, such that Davido cannot show his counsel was ineffective.

**B.**

Nor was it objectively unreasonable for the Pennsylvania Supreme Court to conclude that Davido failed to clearly and unequivocally invoke his right to proceed pro se during the guilt phase of trial. "[T]he Sixth and Fourteenth Amendments include a 'constitutional right to proceed *without* counsel when' a criminal defendant 'voluntarily and intelligently elects to do so.'" *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (quoting *Faretta v. California*, 422 U.S. 806, 807 (1975)). The request to proceed pro se must be

4

made "clearly," "unequivocally," "knowingly[,] and intelligently." *Faretta*, 422 U.S. at 835.

In a four-page letter sent in advance of trial, Davido outlined his public defender's shortcomings, requested appointment of new counsel, asked for exhumation of Taylor's body for additional tests, reiterated his request for new counsel and, in the alternative, stated "that if you do not ap[p]oint new coun[s]el then [I']ll have no other alternative but to exer[c]ise my 6th [A]mendment to represent my[s]elf and have [the public defender] as my assistant." App. 198. The trial court refused to appoint new counsel and denied Davido's request to proceed pro se.

Nothing about Davido's request was clear or unequivocal. Based on "the totality of circumstances surrounding the request," the Pennsylvania Supreme Court correctly concluded that Davido's request to proceed pro se was equivocal because "it was employed as a bargaining device, rather than as a clear demand for self representation," when "posed as his only alternative if he was not afforded new counsel." App. 134. Because Davido failed to "clearly and unequivocally ask to proceed *pro se*," he did not overcome the "reasonable presumption against a waiver of counsel." *Buhl v. Cooksey*, 233 F.3d 783, 790 (3d Cir. 2000).

\* \* \*

For these reasons, we will affirm the District Court's judgment.

5